STATE v. SOCIETY FOR ESTABLISHMENT OF USEFUL
MANUFACTURES.

It being the duty of the public authorities to erect and maintain proper
fences along the raceways adjacent to the streets dedicated by defend-
ant to the public use, the defendant may lawfully raise the raceway
walls and increase the flow of water to its mills so long as the safeguards
which the public is bound to erect against the danger arising from the
original excavations, will furnish ample protection against any addi-
tional danger created by the change in the construction and use of the
raceways.

On indictment for nuisance.    On rule to show cause.

Argued at February Term, 1884, before BEASLEY, CHIEF
JUSTICE, and Justices DEPUE, SCUDDER and VAN SYCKEL.

For the state, *Eugene Stevenson.*

For the defendant, *Joseph D. Bedle.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The indictment charges the defendant
with maintaining a raceway along public streets in the city
of Paterson without proper guards to protect persons passing
upon such streets from falling therein, and avers that it was
the duty of the defendant to erect such guards.   This case
was reviewed by this court in 15 *Vroom* 502, where it is held—

1. That when, at the time lands are dedicated and accepted
for public use as a highway, there existed upon adjoining land
an excavation which, when the highway became frequented,
was dangerous to those carefully passing along the same,
no duty to guard or protect the excavation is cast upon the
owner of such adjoining land, for the neglect of which he can
be indicted.

2. That the public thus accepting a highway takes the land
in the situation and circumstances then existing, and with the

burden of adapting it to safe public travel cast upon the public authorities, and not upon the adjoining land-owner.

On the second trial of the defendant the evidence was ample to show—

1. That the streets in question had their origin in dedication by the defendant society, and acceptance by the public.

2. That the excavations or canals were in existence, the property of the society at the time the streets were dedicated.

On the part of the state evidence was produced to show that such changes had been made in the construction and use of the canals as had increased the danger since the streets were dedicated, and thereupon the court charged the jury, " That the rule laid down by the Supreme Court goes as far as this, and no farther : that the private owner retains the right, as against the public in the use of the highway, to use the then structures in the mode then contemplated, but has not the right to create any additional danger to the public highway by reason of any change in the construction or use of the excavation then in existence. Hence the question arises whether the company has made any changes in the use and construction of the canals which would increase the danger to the public travel along the highway. If it has, then I think it is the duty of the company, and I so charge you, to guard the public against such increased danger."

It was alleged that the increase of danger arose from building up the walls along the raceways, and evidence was introduced by the state tending to show that the society was responsible for such raising of the walls. Upon this testimony, under the charge of the court, the jury found the defendant guilty.

It was the duty of the public authorities to provide against the dangers existing to travel when the streets were accepted. This danger existed at that time, and it was then the duty of the public to erect and maintain proper fences along the raceways. If that duty had been performed by the public, and such safeguards had been erected as would have removed the danger caused by the excavations then made, no additional

danger to the public highway would have been created by reason of the alleged change in the construction and use of the canals

A proper safeguard against the danger arising from the original excavations would manifestly furnish an ample protection against the supposed additional danger caused by the construction of the perpendicular walls and the increased flow of water to the mills.

The public has failed to perform the duty thus cast upon it, and thence results the danger which the state has unjustly imputed to the act of the defendant. The effect of this verdict is to impose upon the defendant a duty that belongs to the municipality. The society cannot be deprived of the right to enlarge its facilities and develop its resources for manufacturing by the refusal of the city to discharge its duty. There should be a new trial.